UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM MURPHY,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MAY, *et al.*,<br><br>Defendants. | Case No. 21-cv-12089<br>Honorable Thomas L. Ludington<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR SANCTIONS
(ECF NO. 55)**

**A.**

Plaintiff William Murphy initially moved for sanctions for defendants' alleged spoliation of a missing recording of an internal investigations interview with Defendant Joshua May. ECF No. 55.[1] The motion also sought sanctions against defense counsel Mary Waddell under 28 U.S.C. § 1927 for unreasonably multiplying the proceedings. *Id.* at PageID.614 n.6. Murphy argued that Ms. Waddell multiplied the proceedings by moving

---

[1] The Honorable Thomas L. Ludington referred the motion to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A). ECF No. 57.

to quash production of the recording when she knew it was missing. *Id.* Thus, Murphy sought an award of fees and costs incurred in responding to the motion to quash and moving to compel production of the recording. *Id.*

The Court held a hearing on the motion in October 2022 and scheduled an evidentiary hearing. ECF No. 63. The day before the November 10, 2022 evidentiary hearing, Ms. Waddell produced the missing recording and emailed the Court to determine whether the hearing was still necessary. ECF No. 70-1, PageID.1224-1225. Murphy's counsel, Collin Nyeholt responded that his client "would like to be heard on the remaining pending issue of whether sanctions should be awarded under 28 USC § 1927." *Id.* at PageID.1125-1124.

The Court held the evidentiary hearing on the sole remaining issue of whether Ms. Waddell should be sanctioned under § 1927 for "not being straightforward from the beginning about the fact that the recording was lost and engaging in what appeared to be futile efforts by plaintiff's counsel to get ahold of the recording." ECF No. 74, PageID.1305.[2] Put differently, the issue was whether Ms. Waddell moved to quash "with the belief that the recording didn't exist." *Id.* at PageID.1341.

---

[2] The Court emphasized that the issue of spoliation sanctions under the Court's inherent authority was moot since defendants produced the recording. ECF No. 74, PageID.1338-1339, 1341.

2

Because Ms. Waddell was unprepared to address that issue during the November 2022 hearing, the Court continued the hearing until January 2023.  ECF No. 70.  In the interim, the Court ordered the parties to meet and confer about resolving the matter.  *Id.*  If the parties could not settle, the Court ordered supplemental briefing with complete discussion of the parties' positions on sanctions under § 1927, including the scope of allowable sanctions.  *Id.*; ECF No. 74, PageID.1340-1341.

The parties could not resolve the issue and submitted supplemental briefs.  In his brief, Mr. Nyeholt sought sanctions not only against Ms. Waddell under § 1927 but also against the Michigan Department of Attorney General (DAG) and the Michigan State Police (MSP) under the Court's inherent authority.  ECF No. 72.  And before the Court finished the evidentiary hearing or decided that an award of sanctions was warranted, Mr. Nyeholt prematurely filed a bill of costs seeking $31,924.19.  ECF No. 78, PageID.1472.

In her brief, Ms. Waddell provided a timeline showing that she did not know that the recording was lost when she moved to quash production of the recording.  ECF No. 77, PageID.1367-1371.  On March 29, 2022, Ms. Waddell reviewed records responsive to Murphy's subpoena and responded to MSP, "I have been going through these records and the PSS

3

report indicates that Sgt. May's interview was recorded—do we have a copy of that recording?" ECF No. 77-2, PageID.1404.  The next day, Ms. Waddell filed the motion to quash.  ECF No. 22.  On March 31, MSP advised Ms. Waddell that it could not locate the recording.  ECF No. 77, PageID.1369.  Ms. Waddell and MSP tried to locate the recording over the next several months.  *Id.* at 1369-1371.  Ms. Waddell explained that she did not earlier inform Mr. Nyeholt or the Court that the recording was missing because she wished "to make a reasonable inquiry before making [such] a representation."  *Id.* at PageID.1380.

During the January 12, 2023 hearing, Mr. Nyeholt conceded that no evidence refutes Ms. Waddell's timeline or shows that Ms. Waddell knew when she filed the motion to quash that the recording was lost.  Mr. Nyeholt argued that the fact that Ms. Waddell began searching for the recording at all showed that she knew it was lost.  The Court rejects that argument because Mr. Nyeholt identified no reason why Ms. Waddell would have suspected that the MSP had lost the recording before she filed the motion to quash.  And once Ms. Waddell discovered that the recording was missing, she initiated efforts to recover it from other sources, including by contacting the retired investigator who should have saved the recording. ECF No. 77, PageID.1369-1370.

4

Mr. Nyeholt's supplemental brief also strays from the narrow issue of whether Ms. Waddell knew when she filed the motion to quash that the recording was missing.  He argued (1) that Ms. Waddell failed to preserve evidence (a moot issue), filed a frivolous motion to quash, or made false representations during the October 2022 hearing, and (2) that the DAG and MSP should also be sanctioned under the Court's inherent authority for failure to preserve the recording and for the filing of the motion to quash. ECF No. 72, PageID.1247-1258.

Mr. Nyeholt's request that the DAG and MSP be sanctioned under the Court's inherent authority was especially frivolous.  First, the Court informed him in October 2022 that Federal Rule of Civil Procedure 37(e), and not the Court's inherent authority, would govern the question of whether corrective measures should be imposed because of the missing recording.  ECF No. 73, PageID.1270-1272.  And now that Mr. Nyeholt has a copy of the recording, his request for spoliation sanctions is specious no matter which law governed.

Mr. Nyeholt also provides no authority for holding the MSP liable for a decision to file a motion.  He cites *King v. Whitmer* to support his request for sanctions.  556 F. Supp. 3d 680 (E.D. Mich. 2021).  But the Honorable

5

Linda V. Parker sanctioned only attorneys in that case, and she imposed the sanctions because of extraordinary abuses of the judicial system.

> The attorneys who filed the instant lawsuit abused the well-established rules applicable to the litigation process by proffering claims not backed by law; proffering claims not backed by evidence (but instead, speculation, conjecture, and unwarranted suspicion); proffering factual allegations and claims without engaging in the required prefiling inquiry; and dragging out these proceedings even after they acknowledged that it was too late to attain the relief sought.

*Id*. at 689. Judge Parker emphasized the improper purpose of the lawsuit, which was "to spread the narrative that our election processes are rigged and our democratic institutions cannot be trusted." *Id*. at 732.

In comparison, Mr. Nyeholt seeks sanctions from nonlawyers and he provides no evidence that anyone he seeks sanctions from knew that the recording was missing before Ms. Waddell filed the motion to quash, and he presents no evidence that she filed the motion for an improper purpose. And none of those he seeks sanctions from have committed bad-faith acts equivalent to those described in *King*. A recording was lost for unknown reasons but found and delivered to Mr. Nyeholt well before trial. By trying to expand the issues in his supplemental brief and raising frivolous claims for sanctions, Mr. Nyeholt himself unreasonably multiplied the proceedings.

And contrary to the warnings that any sanctions the Court might impose under § 1927 would not be penalizing, that the costs would not be

6

"tremendous," and that the Court would not "permit a lot of padding of the attorneys' fees," Mr. Nyeholt seeks an exorbitant award of $31,924.19. *See* ECF No. 74, PageID.1339-1340.  Mr. Nyeholt seeks to recover costs beyond those incurred in responding to the motion to quash and moving to compel production of the recording, as originally requested.  *See* ECF No. 55, PageID.614 n.6.  For example, he seeks fees incurred in the original motion for spoliation sanctions, which is moot now that Ms. Waddell found the recording.  ECF No. 78-3, PageID.1499.

"Where a fee-shifting statute provides a court discretion to award attorney's fees, such discretion includes the ability to deny a fee request altogether when, under the circumstances, the amount requested is outrageously excessive." *Thomas v. Bannum Place of Saginaw*, 421 F. Supp. 3d 494, 487 (E.D. Mich. 2019) (cleaned up).  Mr. Nyeholt's bill of cost is "untethered to the actual violation [alleged] and would produce a windfall."  *SiteLock LLC v. GoDaddy.com LLC*, No. CV-19-02746-PHX-DWL, 2022 WL 3716499, at *9 (D. Ariz. Aug. 29, 2022).  When, as here, a bill of cost "demonstrates a lack of self-restraint," it should be rejected *in toto* because of the "need to deter such requests." *Thomas*, 421 F. Supp. 3d at 498-99.

For these reasons and the reasons stated on the record during the hearing held in January 2023, Murphy's motion for sanctions is **DENIED** (ECF No. 55).

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: January 13, 2023

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 13, 2023.

                                             <u>s/Marlena Williams</u>
                                             MARLENA WILLIAMS
                                             Case Manager