UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM MURPHY,

        Plaintiff,                                      Case No. 1:21-cv-12089

v.                                                    Honorable Thomas L. Ludington
                                                           United States District Judge

JOSHUA MAY, et al.,

                                                           Honorable Elizabeth A. Stafford
       Defendants.                              United States Magistrate Judge
_____/

**OPINION AND ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S NONDISPOSITIVE ORDER AND AFFIRMING ORDER**

Plaintiff has objected to a January 2023 order in which the magistrate judge resolved Plaintiff's nondispositive sanctions motion. A hearing is not necessary. E.D. Mich. LR 7.1(f)(2). As explained hereafter, Plaintiff's objections will be overruled because the magistrate judge's order shows no clear error.

I.

Plaintiff William Murphy works as a minister and carpet cleaner. ECF No. 29 at PgaeID.387. In August 2020, he was working a carpet-cleaning job at a house in Saginaw, Michigan, that happened to be the target of a planned drug raid by the Bay Area Narcotics Enforcement Team ("BAYANET").[1] *Id.* at PageID.387–88. While Plaintiff was cleaning the carpets, BAYANET executed a no-knock warrant, and Defendant Joshua May, a Michigan State Police (MSP) trooper, encountered Plaintiff inside the house. *Id.* at PageID.391.

---

[1] BAYANET is "a multijurisdictional taskforce overseen by the Michigan State Police." *Murphy v. May*, No. 1:21-CV-12089, 2022 WL 275502, at *1 (E.D. Mich. Jan. 28, 2022).

Plaintiff identified himself as a carpet cleaner and Defendant May, with his weapon drawn, ordered Plaintiff to walk onto the porch. *Id.* at PageID.391–92. Plaintiff obeyed but commented that Defendant May "[didn't] have to holler." *Id.* at PageID.392. According to Plaintiff, Defendant May responded to his comment by shoving him from behind, causing him to fall down the stairs. *Id.* Defendant May "followed [Plaintiff] to the ground and came to rest on top of [Plaintiff]." *Id.* Plaintiff complained that he was in pain, but Defendant May forced him into handcuffs. *Id.* Later, an ambulance took Plaintiff to a local hospital where an MRI revealed a "soft tissue ligamentous injury" in his spine. *Id.* at PageID.393.

Plaintiff sued Defendant May, and eight other BAYANET officers.[2] ECF No. 29. He brings § 1983 claims against all Defendants, battery against Defendant May, and gross negligence against two other BAYANET officers. *Id.* at PageID.393–401.

Following the August 2020 incident, the MSP conducted an internal-affairs investigation that included 17 recorded interviews. ECF No. 55 at PageID.614. During discovery, Plaintiff subpoenaed the MSP for the internal-affairs file, including all recorded interviews. *See* ECF No. 22-2 at PageID.226–27. But the MSP filed a motion to quash the subpoena, ECF No. 22, and Plaintiff responded by filing a motion to compel compliance with his subpoena, ECF No. 26. Defense Counsel later discovered that the recording of Defendant May's internal investigation interview had been lost. *See* ECF No. 77 at PageID.1369 (noting Defense Counsel became aware of the missing recording on March 31, 2022); *see also* ECF No. 72 at PageID.1242 (noting that Defense Counsel did not inform Plaintiff that the recording was lost until July 6, 2022).

In August 2022, Plaintiff filed a motion for sanctions: spoilation sanctions against the MSP-affiliated Defendants and sanctions against Defense Counsel under 28 U.S.C. § 1927 for

---

[2] Defendant Michael Bess has since been dismissed by stipulation. ECF No. 71.

unreasonably multiplying the proceedings. ECF No. 55. According to Plaintiff, Defendants lost the recording of Defendant Joshua May's internal-affairs interview and Defense Counsel multiplied the proceedings by filling a motion to quash production of the recording despite knowing it was missing. *Id.* at PageID.614. Plaintiff's Motion was referred to Magistrate Judge Elizabeth A. Stafford. ECF No. 57.

Two months later, Judge Stafford held a hearing on the motion, ECF No. 63, and scheduled an evidentiary hearing for November 10, 2022. *Id.* But one day before the evidentiary hearing, Defense Counsel produced the missing recording, mooting Plaintiff's request for spoilation sanctions. Thus, only Plaintiff's request for sanctions under § 1927 remained. But Defendant was "unprepared to address that issue during the November 2022 hearing," so the evidentiary hearing was adjourned until January 2023, and the Parties were directed to submit supplemental briefing on the § 1927 sanctions issue. ECF No. 80 at PageID.1506. Defendants' supplemental brief included a "timeline showing that she did not know that the recording was lost when she moved to quash production of" it. *Id.* Plaintiff's supplemental briefing sought additional sanctions against the Michigan Attorney General and the MSP under the court's inherent authority. *Id.* Notably, during the January 2023 hearing, Plaintiff "conceded that no evidence refute[d Defense Counsel's] timeline or show[ed] that [she] knew when she filed the motion to quash that the recording was lost." *Id.* at PageID.1507.

Thus, Judge Stafford denied Plaintiff's Motion for Sanctions. ECF No. 80. Plaintiff objects to Judge Stafford's Order on three grounds. First, he "acknowledges fully his role in creating the confusion" at the evidentiary hearing but argues the confusion should "not [d]isqualify Plaintiff from [r]ecovery for the State's [m]isconduct." ECF No. 82 at PageID.1562 (emphasis omitted). Second, he argues it was not frivolous to argue that Judge Stafford should have issued sanctions

under her inherent authority. *Id.* at PageID.1565. Finally, he argues the amount of sanctions that Plaintiff sought was not exorbitant and denying recovery on this basis was error. *Id.* at PageID.1569.

## II.

"The Magistrate Judge's order[s] resolved a nondispositive discovery dispute." *Cratty v. City of Allen Park*, No. 2:17-CV-11724, 2018 WL 3983806, at *1 (E.D. Mich. June 14, 2018) (citing *Baker v. Peterson*, 67 F. App'x 308, 311 (6th Cir. 2003) (per curiam) (unpublished)).

Therefore, this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A); *see also* 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3069 (3d ed. 2022) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge."). "A finding is 'clearly erroneous' [if] the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948)); *see also Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence . . . [the] choice between them cannot be clearly erroneous."). A legal conclusion is reviewed *de novo* and is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, No. 3:08-CV-00631, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

If the district court will affirm the magistrate judge's order, then it may simply identify the parts of the record that it reviewed and state that it found no clear error. *E.g.*, *Nettles v. Edgar*, No. 1:22-CV-00119, 2022 WL 16551462, at *1 (W.D. Mich. Oct. 31, 2022); *Odom v. Hill*, No. 1:21-

CV-00403, 2022 WL 4115425, at *1–2 (W.D. Mich. Sept. 9, 2022); *Faber v. Smith*, No. 1:19-CV-00024, 2019 WL 5684490, at *1 (W.D. Mich. Nov. 1, 2019); *Ramsey v. Smith*, No. 1:13-CV-01210, 2017 WL 4038111, at *1 (W.D. Mich. Sept. 13, 2017); *cf. United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (applying the same standard to the adoption of a magistrate judge's report and recommendation) (first citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); and then citing 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008); *e.g.*, *Hereford v. Warren*, 486 F. Supp. 2d 659, 660–61 (E.D. Mich. 2007), *rev'd and remanded on other grounds*, 536 F.3d 523 (6th Cir. 2008).

### III.

This Court has reviewed Plaintiff's Second Amended Complaint, ECF No. 29, Defendant's Answers to it, ECF Nos. 33; 50; 53, Defendants' Motion to Quash, ECF No. 22, Plaintiff's Response to it, ECF No. 25, Defendants' Reply, ECF No. 27, Plaintiff's Motion to Compel, ECF No. 26, Defendant's Response to it, ECF No. 31, the Stipulated Order regarding the Motion to Compel, ECF No. 48, Plaintiff's Motion for Sanctions, ECF Nos. 55; 62, Defendants' Response to it, ECF No. 56, the Parties' supplemental briefing and respective responses regarding the sanctions motion, ECF Nos. 64; 65; 67; 68; 77, the transcript of the October 2022 hearing, ECF No. 73, the November 2022 hearing, ECF No. 74, Judge Stafford's January 2023 Order Denying Plaintiff's Motion for Sanctions, ECF No. 80, Plaintiff's Objections to that Order, ECF No. 82, Defendants' Response, ECF No. 84, Plaintiff's Reply, ECF No. 85, and all other applicable filings and law. Having conducted this *de novo* review, this Court concludes that Judge Stafford's factual conclusions are reasonably correct and that her legal reasoning is sound; there is no clear error.

In sum, this Court finds no clear error in the Magistrate Judge's decision to deny Plaintiff's Motion for Sanctions. The Magistrate Judge applied the appropriate law, accurately followed the provisions of the Scheduling Order, and made reasonably accurate conclusions of fact. Accordingly, Plaintiff's Objections will be overruled, and the Magistrate Judge's Order will be affirmed.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 82, is **OVERRULED**.

Further, it is **ORDERED** that Judge Stafford's Order Denying Plaintiff's Motion for Sanctions, ECF No. 80, is **AFFIRMED**.

**This is not a final order and does not close the above-captioned case**.

Dated: August 3, 2023                                       s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge